[Cite as *State v. Rice*, 2022-Ohio-1068.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff-Appellee,          :

                                      No. 110674

      v.                               :

ALAN RICE,                             :

      Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 31, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-655279-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alaina Hagans, Assistant Prosecuting Attorney, *for appellee.*

Anna Markovich, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Appellant Alan Rice ("Rice") appeals his sentence to the maximum prison term for his robbery conviction and the trial court's imposition of financial sanctions. Upon review, we affirm the judgment of the trial court.

{¶ 2} In December 2019, Rice was charged under a seven-count indictment. Ultimately, he entered a plea of guilty to the following counts:

Count 2 (As amended): Robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree, with one- and three-year firearm specifications and a forfeiture of a weapon specification.

Count 3 (As amended): Having weapons while under disability in violation of R.C. 2923.13(A)(2), a felony of the third degree, with a forfeiture of a weapon specification.

Count 5 (As charged): Tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, with a forfeiture of a weapon specification.

Count 7 (As charged): Drug possession in violation of R.C. 2925.11(A), a felony of the fifth degree, with a forfeiture of a weapon specification.

The remaining counts were nolled. The trial court accepted Rice's guilty plea and ordered a presentence-investigation report ("PSI report").

{¶ 3} At sentencing, the trial court imposed a total aggregate prison term of 11 years, ordered Rice to pay a fine of $250 on each count for a total financial sanction of $1,000, imposed costs, and ordered Rice to forfeit his weapon. In the sentencing entry, the trial court stated that it "considered all required factors of the law" and found that "prison is consistent with the purpose of R.C. 2929.11." Rice timely filed this appeal.

{¶ 4} Under his first assignment of error, Rice challenges the trial court's imposition of the maximum prison term of eight years on the base charge for the robbery conviction. Rice argues that the trial court misapplied R.C. 2929.11 and 2929.12. More specifically, he claims that the trial court failed to consider the purposes of felony sentencing listed under R.C. 2929.11 and failed to balance the

recidivism and seriousness factors set forth under R.C. 2929.12. Rice maintains that although the PSI report indicates a high likelihood of recidivism, the trial court should have considered Rice's mental-health issues and substance-abuse addiction as mitigating factors. Rice asserts that the record demonstrates that the maximum sentence imposed is not warranted and is contrary to law.

{¶ 5} An appellate court's review of a felony sentence is governed by R.C. 2953.08(G)(2). *See State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. Under R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for resentencing" if it "clearly and convincingly finds either of the following":

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 6} The statutory findings referenced in R.C. 2953.08(G)(2)(a) are not at issue here. As the Ohio Supreme Court clarified in *Jones,* R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12[.]" *Id.* at ¶ 31.

{¶ 7} "R.C. 2953.08(G)(2)(b) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that the sentence is 'otherwise

contrary to law.'" *Jones* at ¶ 32. "A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Angel*, 8th Dist. Cuyahoga No. 110456, 2022-Ohio-72, ¶ 8, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶ 8} R.C. 2929.11 addresses the overriding purposes of felony sentencing, while R.C. 2929.12 addresses factors that are to be taken in account when imposing a sentence. *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 18-19. Pursuant to R.C. 2929.11(A), the three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," "to punish the offender," and "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Additionally, pursuant to R.C. 2929.11(B), the sentence imposed "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 9} R.C. 2929.12 gives the sentencing court "discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11]" when imposing a sentence upon a felony offender.

R.C. 2929.12(A). R.C. 2929.12 sets forth a nonexhaustive list of factors relating to the seriousness of the conduct and the likelihood of recidivism that the trial court shall consider in exercising that discretion. *Id.*

{¶ 10} "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones* at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Further, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶ 11} The record in the present case plainly shows that the prison term imposed by the trial court was within the statutory range and that the court considered the purposes of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. The PSI report sets forth the underlying facts pertaining to the robbery and related offenses. The PSI report also details Rice's criminal history, which dates back to 2003, includes personal and other information, and notes Rice's mental-health issues and substance-abuse history. At sentencing, the trial court heard from Rice concerning the robbery and commented on Rice's extensive criminal history, which included, among other offenses, rape, felonious assaults, assaults, probation violations, aggravated robberies, receiving stolen property, having weapons while under disability, domestic violence, and violating protection orders. The trial court also heard from defense counsel and the

prosecutor. The court's journal entry stated that the trial court had considered all required factors set forth by the law. "A trial court's statement in its sentencing journal entry that it considered the required sentencing factors alone is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *State v. Levison*, 8th Dist. Cuyahoga No. 110281, 2021-Ohio-3601, ¶ 17, citing *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 8. As such, the maximum sentence imposed on the robbery count is not contrary to law and the first assignment of error is overruled.

{¶ 12} Under his second assignment of error, Rice claims the trial court erred by imposing financial sanctions on appellant without considering his ability to pay.

{¶ 13} R.C. 2929.19(B)(5) provides as follows: "Before imposing a financial sanction under [R.C. 2929.18] or a fine under [R.C. 2929.32], the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." "There are no express factors that must be taken into consideration nor specific findings that must be made by the court on the record, but there must be some evidence in the record that the trial court considered the defendant's ability to pay." *State v. Schneider*, 8th Dist. Cuyahoga No. 96953, 2012-Ohio-1740, ¶ 10, citing *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 11 (8th Dist.). A trial court may satisfy this requirement when the record shows that the court considered the PSI report that contains detailed information regarding the

defendant's age, education, physical and mental health, finances, and employment history. *See State v. Brown*, 2020-Ohio-4474, 158 N.E.3d 972, ¶ 43 (8th Dist.).

{¶ 14} Rice argues that the record shows he did not have the ability to pay the fines imposed by the trial court. Rice states that he was declared indigent and appointed counsel. He also states that the PSI report shows that at the time of sentencing, he was 32 years old, he only finished 10th grade, he was unemployed, he was behind on child support, his finances were poor, and he was living with this mother. He further states that he was sentenced to 11 years of imprisonment, not community control. He maintains the totality of circumstances demonstrates the court failed to consider his present and future ability to pay the fines.

{¶ 15} "The fact that a defendant is 'indigent' or is represented by appointed counsel does not preclude a trial court from imposing financial sanctions." *State v. Brown*, 2020-Ohio-4474, 158 N.E.3d 972, ¶ 42 (8th Dist.), citing *State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 76 (8th Dist.); *see also State v. Cruz*, 8th Dist. Cuyahoga No. 106098, 2018-Ohio-2052, ¶ 28. Likewise, a lengthy prison sentence does not necessarily preclude a trial court from imposing financial sanctions. *Brown* at ¶ 42, citing *Nitsche* at ¶ 76.

{¶ 16} In this case, the trial court imposed a $250 fine for each count for a total financial sanction of $1,000. Rice did not object the court's imposition of the fines upon him. Although the trial court did not specifically inquire into Rice's present or future ability to pay the financial sanction, the court ordered a PSI report. The PSI report reflected that Rice was only 32 years old and was living with his

mother with no rent. Rice was recently married, and he indicated that his wife and mother support him financially. Although Rice was not employed and was behind on his child-support payments, the record shows he had posted a $50,000 bond. This information allowed the trial court to make an informed decision about Rice's present and future ability to pay the fine.

{¶ 17} Rice also challenges the trial court's imposition of costs. Because the imposition of the costs of prosecution is mandatory under R.C. 2947.23(A)(1)(a), a trial court is not required to consider a defendant's ability to pay before imposing costs against the defendant. *Brown* at ¶ 37, citing *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 6. Although the court must impose costs, pursuant to R.C. 2947.23(C), "[t]he court retains jurisdiction to waive, suspend or modify the payment of the costs of prosecution * * * *at the time of sentencing or any time thereafter*." (Emphasis added.) Because there is nothing in the record to indicate that Rice objected to or at any time moved to waive, suspend, or modify the payment of court costs, the trial court did not err in imposing costs.

{¶ 18} Rice's second assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR