[Cite as *State v. Fields*, 2022-Ohio-2499.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                     No. 111066

    v.                                    :

WILLIAM FIELDS, JR.,                    :

    Defendant-Appellant.        :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 21, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660859-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Warren W. Griffin, Assistant Prosecuting
Attorney, *for appellee.*

John P. Parker, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant William Fields, Jr., appeals his sentence in this case. He raises constitutional challenges to the Reagan Tokes Law and otherwise challenges his sentence. Upon review, we uphold the sentence and affirm the judgment of the trial court.

{¶ 2} On July 2, 2021, Fields was charged under a two-count indictment. In accordance with a plea agreement, Fields entered a plea of guilty to Count 1, felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1), and Count 2 was nolled. The trial court informed Fields of the maximum sentence that could be imposed and provided an advisement on the Reagan Tokes Law. Defense counsel raised an objection to the constitutionality of the Reagan Tokes Law. The trial court ordered a presentence investigation report ("PSI report").

{¶ 3} The sentencing hearing was held on November 17, 2021. The record reflects that on the date of the incident, Fields was working at St. Augustine's driving for the Meals on Wheels program. Fields was upset about some confusion over his pay, and he "snapped" and attacked his coworker. According to the PSI report, Fields "'flung' [the victim] across the office and punched and kicked her repeatedly while she was down on the ground. The victim lost consciousness and suffered a concussion, broken jaw and multiple bruises."

{¶ 4} Defense counsel acknowledged that the felonious assault in this case "was a brutal attack" and presented mitigating factors, including Fields's low IQ score, his diagnosis with a depressive disorder and an anxiety disorder, the stress he was under because his girlfriend recently passed away, his remorse, his work at St. Augustine's, his last brush with the law being in 2011 on a drug case for which he received a community-control sanction, the current offense being "out of character," and other mitigating factors. Fields apologized to the victim and her family. The state agreed that the offense was out of character for Fields, but it argued that there

needed to be consequences for Fields's actions.  A video of the incident was played for the court.  As argued by the state, "Mr. Fields got angry.  He took it out on [the victim].  As a result, she had a concussion, broken jaw, bruises."  Fields had a prior record, including prior felony offenses, though his last offense was in 2011 for drug possession.  The pastor at St. Augustine addressed the court and indicated that the incident had affected the entire office and that the nine-year-old granddaughter of the receptionist was also present and witnessed the incident.  The victim's husband also addressed the court.

{¶ 5}    Prior to sentencing Fields, the trial court stated the following:

> So I've had an opportunity to hear from you, Mr. Fields, hear from your lawyer, hear from the State, hear from the witnesses.  I've had an opportunity to review the presentence investigation report, the mitigation of penalty report, a letter that your sister prepared as well.
>
> And also I have had an opportunity to view the video of the crime in this case.  And I do have to say that, watching that video is very difficult.  And the violence that you displayed against the victim in this case is clearly reprehensible.  And the injury that the victim sustained is insurmountable.  And not only did she sustain physical injury, but the mental injury is also just as devastating.
>
> And the facts of this case are difficult as well, because this is a situation where the victim here was simply doing her job, and out of nowhere, you attacked her, so violently, and for no reason.  And so that is what's so disturbing here.
>
> * * *
>
> * * * And you do have criminal history.  Your last case was in 2011.  And you had a drug possession case.  Prior to that in 2005 you had a drug possession case.  2002, it appears you had unauthorized use of property.  Disorderly conduct, open container, possession of drugs in 1998.  1996, breaking and entering.

And I don't see anywhere in your history any other crimes of violence. This crime of violence was so significant because it was an ambush on someone who did nothing to you. And so while I appreciate the fact that you appear remorseful and apologizing for your action, but as I said, the damage is long lasting, and again, for no reason.

* * *

And considering all the relevant and seriousness and recidivism factors, in assuring that the public is protected from future crime and that you are punished, I find you not amenable to a Community Control sanction. I am going to impose a prison sentence.

**{¶ 6}** The trial court proceeded to sentence Fields on the felonious assault count to which he pleaded guilty, in violation of R.C. 2903.11(A)(1), a felony of the second degree. The trial court imposed an indefinite sentence with a minimum prison term of 7 years and a maximum term of 10.5 years. The trial court noted defense counsel's objection to the Reagan Tokes Law. The trial court also advised Fields of postrelease control, ordered Fields to pay restitution in the amount of $352, and imposed costs. Fields timely filed this appeal.

**{¶ 7}** Under the first three assignments of error, Fields challenges the constitutionality of the Reagan Tokes Law and expresses his disagreement with this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). Nevertheless, *Delvallie* remains controlling in this district. Because this court's en banc decision in *Delvallie* rejected the challenges to the Reagan Tokes Law raised in this appeal, we find Fields's sentence was not a violation of his constitutional rights, and we overrule these assignments of error.

**{¶ 8}** Under his fourth assignment of error, Fields claims that the prison sentence imposed is not supported by the record and is contrary to law. The trial

court imposed a minimum term of 7 years and a maximum term of 10.5 years in accordance with the Reagan Tokes Law.

{¶ 9} Fields argues that the imposition of a near maximum sentence was a foregone conclusion once the trial judge was selected in this case. He claims that the trial court gave a rote recitation of the statutory numbers, that the court did not discuss sentences imposed for other felonious assault cases, and that the trial court should have considered the mitigating factors that were presented. He asserts that the record does not support a sentence of 7 to 10.5 years.

{¶ 10} An appellate court's review of a felony sentence is governed by R.C. 2953.08(G)(2). *See State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 27, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 21. Under R.C. 2953.08(G)(2), an appellate court "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter * * * for resentencing" if it "clearly and convincingly finds either of the following":

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 11} The statutory findings referenced in R.C. 2953.08(G)(2)(a) are not at issue here. "R.C. 2953.08(G)(2)(b) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that the sentence is 'otherwise contrary to law.'" *Jones* at ¶ 32. "A sentence is contrary to law if it falls outside the statutory

range for the offense or if the sentencing court fails to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Angel*, 8th Dist. Cuyahoga No. 110456, 2022-Ohio-72, ¶ 8, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶ 12} R.C. 2929.11 addresses the overriding purposes of felony sentencing, while R.C. 2929.12 addresses factors that are to be taken in account when imposing a sentence. *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 18-19. "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones* at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Further, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶ 13} The record in the present case plainly shows that the prison term imposed by the trial court was within the statutory range and that the court considered the purposes of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. The trial court heard from Fields, defense counsel, the assistant prosecutor, and representatives of the victim. The trial court stated it had considered the PSI report and the mitigation of penalty report. The court was informed of Fields's criminal history and the mitigating factors involved. It could not ignore that "[t]his crime of violence was so significant

because it was an ambush on someone who did nothing to you." The victim suffered physical injuries, including a concussion, a broken jaw, and multiple bruises, and she also suffered psychological harm. The trial court's journal entry states that it had considered all required factors of the law and that it determined that prison is consistent with the purposes of R.C. 2929.11. This statement alone is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Rice*, 8th Dist. Cuyahoga No. 110674, 2022-Ohio-1068, ¶ 11, citing *State v. Levison*, 8th Dist. Cuyahoga No. 110281, 2021-Ohio-3601, ¶ 17. As such, the sentence imposed is not contrary to law and the fourth assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR


N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie,* 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), and would have found the Reagan Tokes Law unconstitutional.