[Cite as *State v. Levison*, 2021-Ohio-3601.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                     :

     Plaintiff-Appellee,       :

                                    No. 110281

     v.                        :

ORNIESHA LEVISON,        :

     Defendant-Appellant.   :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 7, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-652822-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Maxwell Martin, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Orniesha Levison appeals her sentence after she entered a guilty plea to involuntary manslaughter. She argues that her maximum

36-month sentence is contrary to law because the trial court failed to consider the relevant sentencing statutes when sentencing her and the imposition of a maximum sentence is not supported by the record.

{¶ 2} For the reasons that follow, we affirm.

**Procedural History and Factual Background**

{¶ 3} On September 10, 2020, a Cuyahoga Grand Jury charged Levison and codefendant Brittany Lynn in a nine-count indictment. Levison was charged with four counts: one count of involuntary manslaughter in violation of R.C. 2903.04(A), a first-degree felony (Count 6); one count of involuntary manslaughter in violation of R.C. 2903.04(B), a third-degree felony (Count 7); one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony (Count 8) and one count of criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a second-degree misdemeanor (Count 9). Counts 6 and 8 included one-year and three-year firearm specifications. The charges arose from the August 29, 2020 shooting death of Jayla English. Levison and Lynn had allegedly "baited" English and her girlfriend, Justine Harris, out of their apartment by damaging English's vehicle. Levison had used a large knife to slash the tires on the vehicle. During the confrontation that followed, Lynn shot and killed English in the parking lot. After the shooting, Levison and Lynn left the scene together.

{¶ 4} Levison initially pled not guilty to all charges. On January 13, 2021, the parties reached a plea agreement. Pursuant to the plea agreement, Levison agreed to plead guilty to involuntary manslaughter in violation of R.C. 2903.04(B),

a third-degree felony (Count 7) and criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a second-degree misdemeanor (Count 9). In exchange for Levison's guilty pleas, the remaining counts were dismissed.

{¶ 5} After accepting Levison's guilty pleas, the trial court proceeded directly to sentencing. Prior to sentencing Levison, the trial court read a victim impact statement written by Harris. The trial court also reviewed a video of the incident[1] and heard from the state, English's mother, Levison, the grandmother of Levison's son and defense counsel.

{¶ 6} On the involuntary manslaughter count, the trial court sentenced Levison to 36 months in prison and imposed a $250 fine plus three years of mandatory postrelease control and costs. On the criminal damaging and endangering count, the trial court imposed a $250 fine and costs.

{¶ 7} On January 21, 2021, the trial court issued a sentencing journal entry in which it set forth Levison's sentence and further indicated: "The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11."

{¶ 8} Levison appealed, raising the following single assignment of error for review:

> Appellant's sentence is contrary to law and the record does not support the imposition of a maximum sentence.

---

[1] The video was not included in the record in this appeal.

**Law and Analysis**

{¶ 9} Levison argues that her 36-month sentence for involuntary manslaughter should be vacated because it is contrary to law and is not supported by the record. She contends that her sentence is contrary to law because "nothing in the transcript" from the sentencing hearing "reflects actual consideration of the purposes and principles of sentencing or of the seriousness and recidivism factors that every sentencing court is required to consider" prior to sentencing a defendant on a felony and "[i]t cannot be ascertained from the record how a 36-month sentence accomplishes the purposes and principles of sentencing" and "why" a lesser sentence "would not."

{¶ 10} Levison's 36-month sentence was the maximum sentence for her offense under R.C. 2929.14(A)(3)(b). Pursuant to R.C. 2953.08(A)(1)(a), a maximum sentence imposed for a single offense can be challenged in a direct appeal. *State v. Walker*, 8th Dist. Cuyahoga No. 109328, 2021-Ohio-2037, ¶ 30.

{¶ 11} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *See State v. Smith*, 8th Dist. Cuyahoga No. 108793, 2020-Ohio-3666, ¶ 18; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, the appellate court "shall review the record, including the findings underlying the sentence * * * given by the sentencing court" and that it "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that

(1) "the record does not support the sentencing court's findings" under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4) or R.C. 2929.20(I) — statutory provisions that are not at issue here — or (2) "the sentence is otherwise contrary to law."

{¶ 12} A sentence is contrary to law if it is outside the statutory range for the offense or if the sentencing court failed to consider the purposes and principles of sentencing set forth in R.C. 2929.11 and the relevant sentencing factors set forth in R.C. 2929.12. *See, e.g., State v. Clay*, 8th Dist. Cuyahoga No. 108500, 2020-Ohio-1499, ¶ 26, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. Conversely, if a sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the relevant sentencing factors under R.C. 2929.12 when imposing the sentence, the sentence is not contrary to law. *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 7.

{¶ 13} Pursuant to R.C. 2929.11, a sentence imposed for a felony shall be "reasonably calculated" to achieve "three overriding purposes of felony sentencing" (1) to protect the public from future crime by the offender and others, (2) to punish the offender and (3) to promote the effective rehabilitation of the offender "using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A), (B). In addition, the sentence imposed "shall be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact

upon the victim" and "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 14} Unless otherwise required by R.C. 2929.13 or 2929.14, a court imposing a felony sentence "has discretion to determine the most effective way to comply" with these purposes and principles of sentencing. R.C. 2929.12(A). R.C. 2929.12 sets forth a nonexhaustive list of factors the trial court must consider when imposing a sentence. R.C. 2929.12(A) provides that a court imposing a sentence on a felony offender "shall consider" the factors set forth in R.C. 2929.12(B) and (C) "relating to the seriousness of the conduct," the factors provided in R.C. 2929.12(D) and (E) "relating to the likelihood of the offender's recidivism" and the factors set forth in R.C. 2929.12(F) pertaining to the offender's military service, if any. "[I]n addition," the trial court "may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A).

{¶ 15} Levison does not dispute that her sentence was within the statutory range. Rather, she contends that her sentence was contrary to law because the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 and the sentencing factors under R.C. 2929.12 when sentencing her. In support of her contention, Levison notes that "[t]here was no mention in the transcript of the proceedings that the trial court considered the statutes relevant to sentencing," "there was no discussion of the necessity to protect the public from future crime by Ms. Levison or to punish her" when sentencing her, "[t]here is no evidence in the transcript that the trial court considered the 36-month sentence to be the minimum

sanction required to accomplish those [sentencing] goals" and "[t]he record is devoid of any discussion of the seriousness and recidivism factors contained within [R.C.] 2929.12(B)."

{¶ 16} Although the trial court must *consider* the purposes and principles of sentencing set forth in R.C. 2929.11 and the relevant sentencing factors listed in R.C. 2929.12 when sentencing a defendant on a felony, R.C. 2929.11 and 2929.12 are not "fact-finding statutes." *See, e.g., State v. Black*, 8th Dist. Cuyahoga No. 108551, 2020-Ohio-3117, ¶ 13; *State v. White*, 8th Dist. Cuyahoga No. 106580, 2018-Ohio-3414, ¶ 9. The trial court is not required to use particular language, make any specific findings on the record regarding its consideration of R.C. 2929.11 and 2929.12 or give specific reasons for imposing more than the minimum sentence. *See, e.g., State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20; *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 69; *State v. Herron*, 8th Dist. Cuyahoga No. 108775, 2020-Ohio-1620, ¶ 12; *State v. Gaines*, 8th Dist. Cuyahoga No. 103476, 2016-Ohio-4863, ¶ 11.

{¶ 17} A trial court's statement in its sentencing journal entry that it considered the required sentencing factors alone is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *See, e.g., Phillips*, 2021-Ohio-2772, at ¶ 8; *D-Bey* at ¶ 70; *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 27 ("[T]his court has consistently recognized that a trial court's statement in the journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes."). The trial court "need not go

through each factor on the record — it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 14. Indeed, consideration of the statutory factors is presumed unless the defendant affirmatively shows otherwise. *See, e.g., State v. Cooke*, 8th Dist. Cuyahoga No. 108824, 2020-Ohio-2725, ¶ 64; *see also State v. Dawson*, 11th Dist. Lake No. 2015-L-109, 2016-Ohio-2800, ¶ 15 ("Absent evidence to the contrary, a reviewing court will presume the trial court considered all appropriate sentencing factors, even if the record is silent.").

**{¶ 18}** In this case, the transcript from the sentencing hearing reflects that the trial court considered the principles and purposes of sentencing and relevant sentencing factors when sentencing Levison. Having viewed the video of the incident, the trial court stated that this was "a crime of violence; that it was barbaric, and it was one of the worst of its kind for purposes of sentencing." The trial court further explained:

> I think the Court has to take into consideration the brutality of this crime as well as the fact that this is a crime of violence.
>
> You also raised that she has no prior criminal history but the Court does take into consideration, after reviewing the tape, listening to her address the Court, watching her actions out there and her involvement in this, I think this is one of the worst circumstances of this type of crime.
>
> Consequently, on the involuntary manslaughter, that's a felony of the third degree, the sentence of the Court is 250 and costs, 36 months at the Ohio State Reformatory for Women.

{¶ 19} In addition, the trial court expressly stated in its sentencing journal entry that it had "considered all required factors of the law" and "finds that prison is consistent with the purpose of R.C. 2929.11." Nothing more was required. The trial court was not required to demonstrate how its sentence served each of the purposes and principles of sentencing or to identify or explain its evaluation of each relevant sentencing factor in order to comply with R.C. 2929.11 and 2929.12. Accordingly, Levison's sentence is not contrary to law. *See, e.g., State v. Williams*, 8th Dist. Cuyahoga No. 100042, 2014-Ohio-1618, ¶ 17 (observing that "[t]his court has refused to find that a sentence is contrary to law when the sentence is in the permissible range, and the court's journal entry states that it 'considered all required factors of the law' and 'finds that prison is consistent with the purposes of R.C. 2929.11'"). Levison has not shown that the trial court failed to consider R.C. 2929.11 or 2929.12 prior to imposing sentence.

{¶ 20} Levison also contends that her sentence should be vacated because the record does not support the trial court's imposition of a maximum sentence given that she was "a first-time offender who evidently played a minor role in a much larger crime committed by a co-defendant." Quoting *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23, she asserts that "[a]n appellate court may vacate or modify any sentence * * * if the appellate court finds by clear and convincing evidence that the record does not support the sentence."

{¶ 21} In *Jones*, however, the Ohio Supreme Court rejected that statement in *Marcum* as "dicta" and made it clear that R.C. 2953.08(G)(2) does not provide a

basis for an appellate court to modify or vacate a sentence based on (1) the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12 or (2) its view that the record does not support a trial court's sentence "as a whole" under R.C 2929.11 and 2929.12. *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 26-27, 29-32, 39; *see also Walker*, 2021-Ohio-2037, at ¶ 32 (noting that in *Jones*, "the Ohio Supreme Court deemed it reversible error to rely on *Marcum* for the proposition that an appellate court may review whether the record clearly and convincingly supports the sentencing factors and consideration under R.C. 2929.11 and 2929.12"). "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. Accordingly, this court cannot review whether the record supports Levison's maximum sentence based on the factors in R.C. 2929.11 and 2929.12. *See, e.g.*, *Jones* at ¶ 39; *State v. Rodriguez*, 8th Dist. Cuyahoga No. 109971, 2021-Ohio-2767, ¶ 4, 7; *State v. Carner*, 8th Dist. Cuyahoga No. 109914, 2021-Ohio-2312, ¶ 38; *Walker* at ¶ 29-33; *D-Bey*, 2021-Ohio-60, at ¶ 75.

{¶ 22} Even if Levison's sentence were subject to such a review, we would find no reversible error. Although Levison's lack of a criminal history was one factor for the trial court to consider in determining an appropriate sentence, there were other factors for the trial court to consider as well. Based on the particular facts and circumstances here, including Levison's apparent role in "baiting" the victim to her

death, we could not say that the record does not support the sentence imposed by the trial court.

**{¶ 23}** Accordingly, Levison's assignment of error is overruled.

**{¶ 24}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MICHELLE J. SHEEHAN, J., CONCUR