[Cite as *State v. Hornbuckle*, 2022-Ohio-2025.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MARQUISE HORNBUCKLE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0003**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 20 CR 237

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. John A. McNally IV*, Roth, Blair, Roberts, Strasfeld and Lodge, 100 Federal Street East, Suite 600, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:
June 14, 2022

**Donofrio, P. J.**

{¶1} Defendant-Appellant, Marquise Hornbuckle, appeals from a Mahoning County Court of Common Pleas judgment accepting his guilty plea and sentencing him to 29 to 34.5 years in prison. The sentence was based on appellant's guilty plea to two counts of first-degree felonious assault on peace officers, each with an 11-year prison term, and two, 7-year firearm specifications which merged into one 7-year prison term. The court ordered the sentences to each run consecutively.

{¶2} On May 19, 2020, appellant and a co-defendant were secretly indicted via direct presentment on two counts of first-degree felonious assault on peace officers in violation of R.C. 2903.11(A)(2) and (D)(1)(a), with accompanying 3-year (R.C. 2941.145(A)), 5-year (R.C. 2941.146(A)), and 7-year (R.C. 2941.1412(A)) firearm specifications. Appellant was additionally indicted for: discharging a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3) and R.C. 2923.162(C)(2), a third-degree felony, with accompanying 3-year (R.C. 2941.145(A)), and 7-year (R.C. 2941.1412(A) firearm specifications; and having weapons while under disability in violation of R.C. 2923.13(A)(3)(B), a third-degree felony.

{¶3} On October 7, 2020, the trial court held a plea hearing and appellant entered a guilty plea on two counts of felonious assault on peace officers, with two 7-year firearm specifications. The remaining counts were dismissed. The prosecution outlined the terms of the plea agreement on the record, which included an agreed-upon sentence recommendation of a 3-year prison term on each felonious assault charge to run concurrently to one another, and one 7-year prison term on the two firearm specifications, which would merge and run consecutively to the felonious assault charges, for a total of 10 years in prison. (Oct. 7, 2020 Tr. at 3). The prosecution represented that the parties also agreed that under the Reagan-Tokes Act, the minimum sentence was 4.5 years and the potential maximum term was 11.5 years in prison. (Oct. 7, 2020 Tr. at 3).

{¶4} At the plea hearing, the trial court reviewed appellant's constitutional and non-constitutional rights and his waiver thereof upon pleading guilty. The court informed

appellant that each felonious assault charge was punishable by 3 to 11 years in prison, plus fines and costs. (Oct. 7, 2020 Tr. at 13-14). The court also informed appellant that he faced a total maximum term of 22 years in prison on the felonious assault charges, plus up to 14 years of consecutive, mandatory terms on the firearm specifications if the specifications did not merge. (Oct. 7, 2020 Tr. at 15).

{¶5} The court further informed appellant that "the time I am going to impose is most likely the time that is recommended and agreed upon by the parties." (Oct. 7, 2020 Tr. at 16). However, the court asked appellant:

> THE COURT: Do you understand your sentence is still entirely up to me regardless of any recommendations?

(Oct. 7, 2020 Tr. at 18). Appellant responded yes. (Oct. 7, 2020 Tr. at 18)

{¶6} Upon accepting appellant's plea, the trial court continued the case for sentencing until December 7, 2020. (Oct. 7, 2020 Tr. at 20). In continuing his bond, the court cautioned appellant:

> THE COURT: You, sir, are to be personally aware of and appear timely and properly dressed for all future court proceedings; you are not to violate any laws; you're not to own, use or possess any drugs or firearms; you're not to act in any way to cause or attempt to cause any harm or threat of harm to any persons or property; you're not to leave the State of Ohio without the permission of this court; and you are to cooperate fully with the Community Corrections Agency in preparing this presentence report. Do you understand that all okay?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Please understand that if you violate any of the terms and conditions of this bond, I will revoke your bond, you'll be held in jail pending sentencing and I will vacate this deal and we'll go right back to square one with all the charges that were

Case No. 21 MA 0003

pending against you to begin with.  Do you understand that okay?

THE DEFENDANT: Yes, Your Honor.

(Oct. 7, 2020 Tr. at 22-23).

**{¶7}** The trial court issued a judgment entry accepting appellant's guilty plea and setting forth the terms that the trial court reviewed with appellant regarding the terms and conditions for his continuation on bond. (Oct. 14, 2020 J.E.).

**{¶8}** On October 27, 2020, appellee filed a motion to revoke appellant's bond. Appellee stated that appellant had been previously advised that a bond condition required him to obtain court permission if he wished to leave the State of Ohio. Appellee explained that on October 11, 2020, appellant was pulled over by the Shenango Township Police Department in Pennsylvania and arrested on an outstanding warrant from the Pennsylvania State Police. Appellee attached a copy of the incident report stating that appellant was stopped for having a broken tail light in Shenango Township. The report advised that the officer conducted a warrant check through Mercer County Dispatch, who indicated that appellant had a felony warrant from the Pennsylvania State Police Meadville Barracks.

**{¶9}** On November 6, 2020, the court issued a bench warrant for appellant and ordered him held without bond.

**{¶10}** On December 8, 2020, the court issued a judgment entry and bench warrant. The court indicated that it called appellant's case for sentencing and he failed to appear, even though his counsel and State counsel were present. (Dec. 10, 2020 J.E./Bench Warrant). The court continued its prior bench warrant.

**{¶11}** On December 16, 2020, the trial court held a sentencing hearing. The prosecution set forth the agreed-upon sentence recommendation and reminded the court of appellant's failure to appear at the prior sentencing when he was out on bond. (Dec. 16, 2020 Tr. at 3). The prosecution referred to the motion to revoke appellant's bond based upon leaving Ohio without permission. (Dec. 16, 2020 Tr. at 4-5). The prosecution also stated that the bonding company had to trick appellant into coming in to court. (Dec. 16, 2020 Tr. at 8). Appellant was present at this hearing with counsel.

Case No. 21 MA 0003

{¶12} Based upon appellant's failure to follow the bond conditions, the prosecution advised the court that the State no longer agreed to the previously agreed-upon sentencing recommendation. (Dec. 16, 2020 Tr. at 6-8). Appellee requested that the court impose a reasonable sentence, considering appellant's lack of respect for the court and its bond conditions. (Dec. 16, 2020 Tr. at 7-8).

{¶13} Appellant's counsel noted that the victims had agreed to the joint sentencing recommendation and he stressed that the troopers that appellant shot at were undercover at the time and driving an unmarked vehicle. (Dec. 16, 2020 Tr. at 8-9). Counsel also noted that he had informed appellant about obtaining court permission to travel to Pennsylvania and appellant would speak to the court regarding his whereabouts, his need for court permission, and his failure to appear at the prior sentencing date. (Dec. 16, 2020 Tr .at 14, 16-18).

{¶14} The court then turned to appellant and asked him if he wanted to make any statement before the court imposed sentence, or if he wanted to make a mitigation statement. (Dec. 16, 2020 Tr. at 18). Appellant responded that he did not. (Dec. 16, 2020 Tr .at 18).

{¶15} The court reviewed the Reagan-Tokes Act application to appellant's sentence and his guilty plea. (Dec. 16, 2020 Tr. at 18--23). The court stated that it had learned more about him and the facts of the case before sentencing. (Dec. 16, 2020 Tr. at 23). The court noted that appellant shot at troopers who were just doing their job, and he did not abide by the court's bond conditions. (Dec. 16, 2020 Tr. at 24-26). The court further stated that it also considered the presentence investigation report (PSI), counsel's statements on appellant's behalf, and appellant's prior criminal history, which included assault, possession of heroin, a prison sentence for illegal conveyance of weapons into a detention facility with possession of heroin, a prison sentence for having a weapon while under disability, aggravated possession of drugs, and the instant offenses of felonious assault and firearm specifications. (Dec. 16, 2020 Tr. at 26). The court also noted appellant's pending cases in Meadville, some traffic offenses, and a possession of drugs of abuse in Austintown. (Dec. 16, 2020 Tr. at 26).

{¶16} The trial court further informed appellant that it was considering the purposes and principles of sentencing to punish the offender and to protect the public

from future crimes. (Dec. 16, 2020 Tr. at 27). The court informed appellant that the sentence had to be commensurate with and not demeaning to the seriousness of appellant's conduct, consistent with similar sentences for similar crimes committed by other offenders, and not based upon race, ethnicity, gender, or religion. (Dec. 16, 2020 Tr. at 27). The court stated that it was required to consider the need for incapacitation, deterrence, rehabilitation, and restitution, as well as the seriousness factors and recidivism factors. (Dec. 16, 2020 Tr. at 28).

**{¶17}** The trial court additionally notified appellant that consecutive sentences would be imposed because they "are necessary to protect the public from future crime or to punish you. They are not disproportionate to the seriousness of your conduct and to the danger they pose to the public." (Dec. 16, 2020 Tr. at 29-30). The court found that appellant's prior criminal conduct also showed that consecutive sentences were necessary to protect the public from future crimes. (Dec. 16, 2020 Tr. at 30).

**{¶18}** The court sentenced appellant to 22 years in prison on the felonious assault convictions, running each 11-year term consecutively. (Dec. 16, 2020 Tr. at 30). The court then imposed one 7-year mandatory prison term on the firearm specification merger and indicated that it had to be served prior to and consecutively to the 22-year sentence. (Dec. 16, 2020 Tr .at 30).  This resulted in a total sentence of 29 to 34.5 years in prison.

**{¶19}** On December 22, 2020, the court issued a judgment entry outlining the proceedings, appellant's bond violations, and his failure to appear for the first sentencing date. (Dec. 22, 2020 J.E.). The court noted that the State represented that it no longer wished to be bound by its prior agreed-upon recommended sentence due to the bond violations. (Dec. 22, 2020 J.E.). The court reviewed the factors that it was required to consider in sentencing appellant, and the range of sentences, and sentenced appellant to 11 to 16.5 years on the first felonious assault conviction, and 11 years on the second felonious assault conviction. (Dec. 22, 2020 J.E.at 3). The court explained its reasons for imposing consecutive sentences and noted that the minimum sentence for both convictions was 22 years in prison and a maximum term of 27.5 years. (Dec. 22, 2020 J.E. at 3). The court merged the firearm specifications and added one 7-year prison term to be served prior to and consecutive to the felonious assault convictions. (Dec. 22, 2020

J.E. at 4). The court ordered that appellant serve a total indefinite prison term of a minimum of 29 years in prison to a maximum prison term of 34.5 years in prison.

**{¶20}** Appellant filed a timely notice of appeal on January 12, 2021 and now raises three assignments of error.

**{¶21}** In his first assignment of error, appellant asserts:

**THE TRIAL COURT'S SENTENCING OF DEFENDANT-APPELLANT TO SEPARATE CONSECUTIVE SENTENCES IS CONTRARY TO LAW.**

**{¶22}** Appellant asserts that the trial court's sentence is contrary to law because the court disregarded the presumption in favor of concurrent sentences and imposed consecutive sentences without meeting any exception for doing so under R.C. 2929.14(C). Citing R.C. 2953.08(G)(2), appellant asserts that this Court may take action on a felony sentence if we find by clear and convincing evidence that the record does not support the sentencing court's findings or if we find that the sentence is otherwise contrary to law. Appellant explains that "clear and convincing" is a degree of proof that is greater than a preponderance of the evidence, but not equal to the beyond a reasonable doubt standard. *State v. Lawson*, 2nd Dist. Champaign No. 2017-CA-28, 2018-Ohio-1532, 111 N.E.3d 98.

**{¶23}** Appellant further contends that a sentence that is contrary to law can be appealed if it is outside of the statutory sentencing range for the particular crimes, or if it fails to comply with the sentencing statutes. *See State v. Hudson,* 7th Dist. Mahoning No. 15 MA 0134, 2017-Ohio-645, 85 N.E.3d 371*; State v. Rutherford*, 8th Dist. Cuyahoga No. 102775, 2015-Ohio-5259, ¶ 6, citing *State v. Bonds*, 8th Dist. Cuyahoga No. 100481, 2014-Ohio-2766. He asserts that the trial court erred in imposing consecutive sentences because his case met none of the statutory exceptions for doing so.

**{¶24}** Appellant submits that the exception under R.C. 2929.14(C)(4)(a) was not met because he committed no offenses while he was awaiting trial or sentencing. He asserts that the exception under R.C. 2929.14(C)(4)(b) does not apply because the offenses that he committed were part of the same course of conduct and no evidence showed that the harm from the offenses was so great or unusual that a single prison term

would not adequately reflect the wrongful conduct. Finally, appellant asserts that the exception in R.C. 2929.14(C)(4)(c) does not apply because the court provided no evidence to show that his criminal history demonstrated the public's need to be protected from any future offenses by him.

{¶25} R.C. 2953.08(G) sets forth this Court's standard of review of felony sentences:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶26} A sentence is considered contrary to law when it falls outside of the statutory range for the offense or if the court fails to consider the purposes and principles of sentencing outlined in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Levison*, 8th Dist. Cuyahoga No. 110281, 2021-Ohio-3601, ¶ 12, citing *State v. Clay*, 8th Dist. Cuyahoga No. 108500, 2020-Ohio-1499, ¶ 26, citing *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. "Conversely, if a sentence is within the statutory range for the offense and the trial court considered both

the purposes and principles of felony sentencing in R.C. 2929.11 and the relevant sentencing factors under R.C. 2929.12 when imposing the sentence, the sentence is not contrary to law. *Id.*, citing *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 7.

**{¶27}** R.C. 2929.11 sets forth the overriding purposes of sentencing in felony cases, which "are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." This section outlines the considerations that a court should look to in order to achieve these purposes, which are "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* However, R.C. 2929.11 does not require the court to make specific findings as to the purposes and principles of sentencing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31.

**{¶28}** R.C. 2929.11(B) provides that the sentence imposed must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(C) cautions that a sentence must not be based on race, ethnic background, gender, or religion of the offender.

**{¶29}** R.C. 2929.12(A) states that the sentencing court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." This section lists factors that a court may consider in determining a sentence and categorizes them according to the purpose that they serve in achieving the overriding purposes of felony sentences. For instance, R.C. 2929.12(B) and (C) provide lists of factors that aid in determining whether an offense is more or less serious. R.C. 2929.12(D) and (E) provide lists of factors that a court should consider in determining whether a defendant is likely to commit future crimes. Similar to R.C. 2929.11, R.C. 2929.12 does not require the trial court to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." *State v. Arnett,* 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

**{¶30}** "A trial court's statement in its sentencing journal entry that it considered the required sentencing factors alone is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *Levison*, 8th Dist. Cuyahoga No. 110281, 2021-Ohio-3601, ¶ 12, citing *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 7 and *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 70; *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 27.

**{¶31}** Further, in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Ohio Supreme Court held that "R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. The Court held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

**{¶32}** Here, appellant challenges the trial court's imposition of consecutive sentences. There is a presumption in favor of concurrent sentences. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) provides that:

> [i]If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶33} Although the trial court is not required to recite the statute verbatim or utter "magic" or "talismanic" words when imposing consecutive sentences, there must be an indication that the court found (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger posed to the public, and (3) one of the findings described in R.C. 2929.14(C)(4)(a), (b), or (c). *State v. Martin*, 7th Dist. Columbiana No. 18 CO 0033, 2020-Ohio-3579, ¶ 72, citing *State v. Bellard*, 7th Dist. Mahoning No. 12-MA-97, 2013-Ohio-2956, ¶ 17. Similar to R.C. 2929.11 and R.C. 2929.12, the court is not required to give its reasons for making those findings. *Id.*, citing *State v. Power*, 7th Dist. Columbiana No. 12 CO 14, 2013-Ohio-4254, ¶ 38.

{¶34} A trial court that imposes a consecutive sentence must make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The transcript of the sentencing hearing must make it "clear from the record that the trial court engaged in the appropriate analysis." *State v. Hill*, 7th Dist. Carroll No. 13 CA 82, 2014-Ohio-1965, ¶ 27.

{¶35} In the instant case, the trial court specifically set forth the findings mandated by R.C. 2929.14(C)(4). The court stated at the sentencing hearing that it had considered:

The purposes and principles of sentencing, those being to punish the offender and protect the public from future crimes by you and others like you. The sentence has to be commensurate with, and not demeaning to, the seriousness of your conduct, and it must be consistent with similar sentence for similar crimes committed by other offenders. It's not to be based on your race, ethnicity, gender, or religion, and I'm supposed to consider the need for incapacitation, deterrence, rehabilitation, and restitution.

The court also has to consider the seriousness factors, which speak very strongly against you, and the recidivism factors, which speak very strongly against you.

(Dec. 16, 2020 Tr. at 27-28).

{¶36} Before reciting these findings, the court discussed appellant's alleged bond violations by leaving Ohio without court permission, getting pulled over by police in Pennsylvania, and failing to appear for the first scheduled sentencing. (Dec. 16, 2020 Tr. at 24-26). The court discussed the agreed-upon sentencing recommendation and told appellant that while the court was not happy with that deal, it had been willing to proceed because the victims were satisfied. (Dec. 16, 2020 Tr. at 25).

{¶37} The court then informed appellant "[b]ut when you violated the orders of this court or you violate conditions of bond, all bets are off; there is no deal in this case." (Dec. 16, 2020 Tr. at 25-26). The court explained that it took a risk on appellant by allowing him out on bond and informed him: "[s]o what happens when you run out on me is I'm going to come and catch you somehow." (Dec. 16, 2020 Tr. at 27). The court also stated that the bonding company and the court took the risk and "[w]e both got it put right in our faces." (Dec. 16, 2020 Tr. at 27).

{¶38} While the court was obviously frustrated with appellant's conduct, this does not lead to a conclusion that the consecutive sentences were contrary to law. The court made the required findings at the hearing to impose consecutive sentences and specifically stated that it considered the proper factors in imposing the maximum terms

Case No. 21 MA 0003

for each sentence and for imposing consecutive sentences. In addition to the standard findings concerning the overriding purposes of consecutive sentences, the court also stated its application of at least one of the three exceptions under R.C. 2929.14(C)(b)(4).

**{¶39}** The trial court also indicated in its sentencing entry that consecutive sentences were necessary in order to protect the public and punish appellant, and they were not disproportionate to the seriousness of appellant's conduct and the danger that he presented to the public. (Dec. 22, 2020 J.E. at 3). The court noted appellant's bond violations, and appellee's statement that the State no longer wished to be bound by the agreed-upon sentencing recommendation due to appellant's failure to comply with the court's bond conditions. (Dec. 22, 2020 J.E. at 2). The court specifically referred to R.C. 2929.14(C)(4)(c) in imposing consecutive sentences, finding that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Dec. 22, 2020 J.E. at 3).

**{¶40}** Appellant asserts that the first exception under R.C. 2929.14(C)(b)(4)(a) does not apply because he "did not commit the alleged offenses while he was awaiting trial or sentencing." This appears to be correct as appellant's other criminal cases appear to pre-date or post-date the instant offenses. Only one is close in time, a felony-five drug abuse charge in Austintown Court that was reduced to a drug possession misdemeanor-one conviction after a guilty plea. *See* 2019 CRA A 937. The date of that offense was November 12, 2019 and appellant entered his guilty plea on June 10, 2020 and was sentenced to thirty days in jail. However, the court could apply the bond violations to demonstrate appellant's disregard for court orders and his continuing disregard for obeying laws, for endangering the public, and in determining his potential for committing future crimes.

**{¶41}** Appellant also contends that the second exception does not apply in this case. The trial court judge stated at the sentencing hearing that he grew up in the neighborhood where appellant shot at the troopers. (Dec. 16, 2020 Tr. at 24-25). The court acknowledged that the officers were undercover in an unmarked vehicle when appellant shot at them. (Dec. 16, 2020 Tr. at 25). However, the judge wondered aloud if he and a family member would have been shot at if they drove through the old neighborhood for a nostalgic visit. (Dec. 16, 2020 Tr. at 25).

Case No. 21 MA 0003

{¶42} Although somewhat personal, this demonstrates that the court looked to the R.C. 2929.14(C)(4)(b) exception to apply consecutive sentencing. The two felonious assault convictions stemmed from a course of conduct of shooting randomly at a vehicle with unknown individuals in it, and this kind of harm could qualify as being so great that a single prison term for any of those offenses would not adequately reflect the seriousness of appellant's conduct. The court did state that the "seriousness factors" weighed strongly against appellant due to the instant convictions. (Dec. 16, 2020 Tr. at 28).

{¶43} In any event, even if the R.C. 2929.14(C)(4)(b) exception does not apply, the trial court specifically referred to appellant's prior criminal history in imposing consecutive sentences and cited to R.C. 2929.14(C)(4)(c). Appellant asserts that the trial court's evidence inadequately showed the public's need to be protected by future offenses. He also contends that his alleged failure to obey bond conditions does not fall within the category of conduct which mandates consecutive sentences.

{¶44} The trial court noted that appellant had prior assault and possession of heroin convictions, a prior prison commitment for illegal conveyance of weapons into a detention facility, and prior drug possession and weapons under disability convictions for which he served prison time. (Dec. 16, 2020 Tr. at 26). The court held that the "recidivism" factors spoke strongly against appellant. (Dec. 16, 2020 Tr. at 28). These findings are sufficient to meet the requirements for imposing consecutive sentences.

{¶45} Accordingly, appellant's first assignment of error lacks merit and is overruled.

{¶46} In his second assignment of error, appellant asserts:

**THE TRIAL COURT DECISION TO SENTENCE DEFENDANT-APPELLANT HORNBUCKLE TO MORE THAN TRIPLE THE AGREED-UPON RECOMMENDED SENTENCE IS CONTRARY TO LAW.**

{¶47} Appellant contends that the court's sentence is contrary to law because it is more than three times the sentence than that agreed to by the parties.

{¶48} A sentence is considered contrary to law when it falls outside of the statutory range for the offense or if the court fails to consider the purposes and principles

of sentencing outlined in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *Levison*, 8th Dist. Cuyahoga No. 110281, 2021-Ohio-3601, ¶ 12. As explained above, the trial court sentenced appellant within the statutory range for each offense and properly provided its reasons for imposing consecutive sentences. The court indicated both at the sentencing hearing and in its judgment entry that it had considered the required factors under R.C. 2929.11 and R.C. 2929.12, as well as the proper statutory factors for imposing consecutive sentences. "[I]f a sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the relevant sentencing factors under R.C. 2929.12 when imposing the sentence, the sentence is not contrary to law. *Id.*, citing *State v. Phillips*, 8th Dist. Cuyahoga No. 110148, 2021-Ohio-2772, ¶ 7. The trial court did so in this case.

**{¶49}** Moreover, appellant was aware that the trial court was not required to follow the sentencing recommendation. At the plea hearing, the court informed appellant that it was not bound by the recommendation of the parties. (Oct. 7, 2020 Tr. at 18). The court specifically asked appellant at the plea hearing, "[d]o you understand your sentence is still entirely up to me regardless of any recommendations?" (Oct. 7, 2020 Tr. at 18). Appellant answered, "[y]es, Your Honor." (Oct. 7, 2020 Tr. at 18). The plea agreement also specifically stated that it was "STRICTLY CONTINGENT UPON THE DEFENDANT NOT VIOLATING LAWS OR OTHER CONDITIONS OF BOND WHILE AWAITING SENTENCING. THE COURT IS NOT BOUND BY THIS RECOMMENDATION." (Plea Agreement at 5). While the court informed appellant at the plea hearing that it would most likely impose the parties' agreed-upon sentence, it chose not to do so after the prosecution represented at the sentencing hearing that it did not want to be bound by the recommendation after appellant violated his bond conditions. (Oct. 7, 2020 Tr. at 16; Dec. 16, 2020 Tr. at 6-7). The prosecution asked the court to consider appellant's bond violations and to impose a reasonable sentence. (Dec. 16, 2020 Tr. at 6).

**{¶50}** Since the trial court imposed a sentence within the statutory limits and made appellant aware that the court was not bound by any sentencing recommendation, the trial court did not act contrary to law in sentencing appellant to a longer sentence than that agreed to by the parties.

Case No. 21 MA 0003

**{¶51}** Accordingly, appellant's second assignment of error lacks merit and is overruled.

**{¶52}** In his third assignment of error, appellant asserts:

**DEFENDANT HORNBUCKLE'S SENTENCE WAS AN ABUSE OF DISCRETION BECAUSE THE TRIAL COURT IMPOSED A VINDICTIVE PRISON TERM OF CONSECUTIVE SENTENCES.**

**{¶53}** Appellant contends that the trial court vindictively increased the length of his sentence to more than nearly three times the agreed-upon recommended length stated in the plea agreement. Appellant quotes a portion of the sentencing transcript of a dialogue between the assistant prosecutor and the court, and he asserts that "[t]he Court's own words and prodding of the State's attorneys are evidence of this vindictiveness:"

> THE COURT: So he had pled. He had made his deal, and then they found out that he was in Pennsylvania, and you filed a motion to revoke the bond because of that.
>
> MR. YACOVONE: Yes, Your Honor.
>
> THE COURT: I issued a warrant.
>
> MR. YACOVONE: You did.
>
> THE COURT: In the meantime his—well, his sentencing had already been set. So he was out on bond; there was a warrant out on him; his sentencing was to take place, and he didn't show for that.
>
> MR. YACAVONE: Correct, Your Honor.
>
> THE COURT: Okay, I gotcha.
>
> MR. YACAVONE: All right. Well, pursuant to that, Your Honor, just reading off of the plea form, the recommendation made is strictly contingent upon

the defendant not violating laws or other conditions of bond while awaiting sentencing. For that reason, Your Honor, the state is recommending – well we are asking the court to take in to consideration the defendant's missteps per se in the meantime following the plea, and we are asking for a period of incarceration now deemed reasonable by your honorable court. This –

THE COURT: You're not sticking to the deal that you made. You'd like more time or you'd like time about the same or –

MR. YACAVONE: We would just ask the court to consider what Mr. Hornbuckle did in imposing sentence.

THE COURT: You're not asking me to honor the deal.

MR. YACAVONE: I'm asking you to- no, I'm not asking you to honor the deal.

THE COURT: Thank you.

MR. YACAVONE: I'm asking you to add time based – based on the fact that he has shown no respect for the court whatsoever.

(Dec. 16, 2020 Tr. at 6-7).

**{¶54}** Interestingly, appellant asserts in this assignment of error that the trial court abused its discretion by vindictively sentencing him to the 29-34.5 year sentence. However, the abuse of discretion standard does not apply here. *See State v. Turner*, 7th Dist. Mahoning No. 17 MA 0155, 2019-Ohio-934, ¶ 17, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10, 16, 23. "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1, applying R.C. 2953.08(G)(2).

**{¶55}** For primarily the same reasons explained in conjunction with appellant's first and second assignments of error, clear and convincing evidence is lacking to find that the trial court's sentence was contrary to law or that the court improperly considered the sentencing factors.

Case No. 21 MA 0003

**{¶56}** Appellant argues that his failure to comply with the court's bond conditions does not fall under any of the exceptions to imposing consecutive sentences. He contends that this reason, as well as the court's discussion of his "missteps" in violating bond, shows that his sentence was based "more on anger and vindictiveness than an appropriate sentencing of Defendant." He asserts that traveling to Pennsylvania and getting pulled over by police, failing to appear for sentencing, and incurring misdemeanor charges before sentencing do not support the 29-34.5 year total sentence and the sentencing transcript shows that the court just wanted to send a message by tripling his sentence

**{¶57}** Again, the court sentenced appellant to the maximum term of imprisonment for each offense, merged the two firearm specifications, and ran the terms of imprisonment consecutively. A sentence that is within the statutory range is not considered contrary to law. The plea agreement informed appellant of the maximum terms of imprisonment that he could face and the trial court informed him of the same at the plea hearing. (Plea Agreement at 2-3, 5; Oct. 7, 2020 Tr. at 14-15).

**{¶58}** The plea agreement specifically stated that the agreed-upon sentence recommendation "IS STRICTLY CONTINGENT UPON THE DEFENDANT NOT VIOLATING ANY LAWS OR OTHER CONDITIONS OF BOND WHILE AWAITING SENTENCING. THE COURT IS NOT BOUND BY THIS RECOMMENDATION." (Plea Agreement at 5). The court informed appellant at the plea hearing that it was not bound by the agreed-upon sentence recommendation and informed appellant of the potential maximum imprisonment terms for each offense. (Oct. 7, 2020 Tr. at 15). While the court also stated at the plea hearing that it would most likely go along with the plea deal, it again ensured that appellant understood that the sentence was entirely up to the court "regardless of any recommendations." (Oct. 7, 2020 Tr. at 18). Finally, after repeating the bond conditions, the court advised appellant at the end of the plea hearing that if he violated any of those bond conditions, the court would revoke his bond and "vacate this deal." (Oct. 7, 2020 Tr. at 20-21).

**{¶59}** The trial court was not bound to accept the recommended sentence. *See, e.g., State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28 (the court is not bound by a jointly-recommended sentence). *State v. Williams*, 7th Dist.

Mahoning No. 20 MA 0041, 2021-Ohio-4643, ¶ 11, citing *e.g., State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 28 (the court is not bound by a jointly-recommended sentence).

**{¶60}** The court cited the proper sentencing purposes and factors in imposing the sentence. The court cited the factors specifically at the hearing and in its judgment entry, and specifically explained that the PSI, the arguments of counsel, and the plea agreement had been reviewed. (Dec. 16, 2020 Tr. at 20-22). The court stated that it was not certain that appellant had traveled to Pennsylvania without permission, even though a motion to revoke bond included the incident report from the police department. (Dec. 16, 2020 Tr. at 23). The court stated that appellant violated at least one bond condition since he knew about the sentencing date and failed to appear. (Dec. 16, 2020 Tr. at 24-25). The court also told appellant that it did not like the agreement that the parties set forth in the plea agreement, but it was willing to cooperate with it at the time of the plea hearing because the police had agreed that it was satisfactory to them. (Dec. 16, 2020 Tr. at 25).

**{¶61}** However, the court explained, as outlined above, that when its bond conditions are violated, "there is no deal in this case. That's where you are now. And there shouldn't be a deal if you don't give the court - - you don't even give me a chance to be fair with you." (Dec. 16, 2020 Tr. at 26). The court went on to inform appellant that it considered the presentence report, counsels' statements, the sentencing recommendations, and appellant's criminal history. (Dec. 16, 2020 Tr. at 26). The court stated that it considered the purposes and principles of sentencing, and noted that the seriousness and recidivism factors weighed against appellant. (Dec. 16, 2020 Tr. at 27-28). The court also informed appellant that when he does not comply with bond conditions, "you need to be tagged. You need to be made an example of. You don't run. You don't hide. You don't thumb your nose at the court." (Dec. 16, 2020 Tr. at 29). Again, while the court did not need to state this, the court followed this with statements that appellant should not be shooting at police officers, or shooting at anyone, emphasizing the seriousness of the crimes. (Dec. 16, 2020 Tr. at 29). This, in addition to the reasons the court explained to appellant in court at sentencing and in its sentencing entry, shows that the court did not act vindictively in sentencing appellant to the maximum term.

**{¶62}** Accordingly, appellant's third assignment of error lacks merit and is overruled.

**{¶63}** For the reasons stated above, the judgment of the trial court is hereby affirmed.

Waite, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**