JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Vanroy Bowie, appeals the decision of the trial court denying his motion to suppress evidence. Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the trial court.
 {¶ 2} According to the facts, on November 30, 2005, Cleveland police officers observed appellant backing his car into a driveway from the street. They observed that the vehicle windows appeared to be illegally tinted. The officers conducted a traffic stop during which they tested the windows and found the tint to be in violation of law. State law prohibits windows from being tinted to an extent that less than 50% of light passes through. Using a laser kit designed to test tinted windows, the officers determined that appellant's window allowed only 43% of light to pass through.
 {¶ 3} The officer decided to issue a citation and asked appellant for his driver's license. Appellant stated that he did not have a driver's license or identification on him. A computer check by a second police unit on the scene determined that appellant did not have a valid license to drive. Appellant was then placed under arrest for driving without a license. The police placed appellant in handcuffs and searched him finding a bag containing approximately 13 grams of crack cocaine in his jacket pocket.
 {¶ 4} Appellant was indicted and charged with one count of possession of drugs in violation of R.C. 2925.11, a felony of the second degree; one count of drug *Page 3 
trafficking in violation of R.C. 2925.03, also a felony of the second degree; and, one count of possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree. Appellant entered pleas of not guilty to the charges. After appellant's motion to suppress evidence was heard and denied by the trial court, appellant changed his pleas to no contest and was found guilty by the court.
 {¶ 5} On appeal, appellant's single assignment of error asserts that the trial court erred in denying his motion to suppress. Appellant claims the police had no justification for stopping him and therefore, any evidence discovered as a result of this stop must be suppressed. We disagree.
 {¶ 6} Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Harris (1994), 98 Ohio App.3d 543, 546. Accepting these facts as true, the appellate court must then independently determine whether the facts satisfy the applicable legal standard. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at ¶ 8.
 {¶ 7} At the suppression hearing, the trial court heard testimony from the arresting officer and two of appellant's neighbors. Some of the testimony was conflicting as to the events leading up to the arrest. The trial court assessed the *Page 4 
credibility of the witnesses and their testimony and found the testimony of one of the defense witnesses was not credible. As previously stated, the trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. We, therefore, accept the factual findings of the trial court. We must now determine whether these facts satisfy the legal standard.
 {¶ 8} As a general rule, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Whren v. United States (1996),517 U.S. 806. A police officer who lacks probable cause, but whose observations lead him reasonably to suspect that a particular individual has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke suspicion. Terry v. Ohio (1968), 392 U.S. 1. Therefore, if the police in this case had probable cause or a reasonable suspicion that a traffic violation had occurred, or was occurring, they would have sufficient justification to stop and detain appellant and the stop would not be unreasonable under the Fourth Amendment to the United States Constitution. See Dayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431;City of Richmond Heights v. Williams (Nov. 25, 1998), Cuyahoga App. No. 73500.
 {¶ 9} The police stated that they stopped appellant's vehicle for illegally tinted windows. R.C. 4513.241(A) provides that window tinting in motor vehicles must allow a light transmittance of not less than 50%, plus or minus 3%. See, also, Ohio Adm. Code 4501-41-03(A)(3) and Cleveland Codified Ordinance 437.28. One of the *Page 5 
officers testified that he had a lot of experience with tinted windows and that based on this experience he knew from looking at them that appellant's car windows were too dark by legal standards. We find there was at least a reasonable suspicion that the windows were illegally tinted. Based upon this fact, the police were justified in stopping appellant's car to determine whether the windows were illegally tinted. The subsequent test of the windows confirmed they were too dark, with only a 43% light transmittance.
 {¶ 10} To issue the citation for the windows, the police needed to see appellant's driver's license. Appellant said he did not have it on him, and a computer search of motor vehicle records found that appellant did not have a valid license to operate the vehicle. At this point, the police were warranted in arresting appellant for driving without a license, a first degree misdemeanor and therefore an arrestable offense under both the Cleveland ordinance and the comparable state statute. See Cleveland Codified Ordinance Section 435.07 and R.C. Chapter 4507. The arrest was lawful, as was the search incident to the arrest which turned up the illegal drugs. The trial court did not err in denying appellant's motion to suppress the evidence. Appellant's single assignment of error is overruled and the judgment of the trial court affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 6 
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1