[Cite as *State v. Dansby-East*, 2019-Ohio-2218.]

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                             No. 107418

    v. :

CHRISTOPHER R. DANSBY-EAST, :

    Defendant-Appellant. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 6, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-623203-A and CR-18-626086-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Jordan & Sidoti, L.L.P., and Mary Catherine Corrigan, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Christopher Dansby-East, appeals from the trial court's judgments finding him guilty of having weapons while under disability, drug trafficking, drug possession, and vandalism, and sentencing him to five years in prison. Finding no merit to the appeal, we affirm.

## I. Background

{¶ 2} In December 2017, Dansby-East was indicted in Cuyahoga C.P. No. CR-17-623203 with one count of having weapons while under disability, one count of carrying a concealed weapon, and one count of improperly handling a firearm in a motor vehicle, all with a gun forfeiture specification. Dansby-East was indicted after a city of Euclid police officer pulled him over for a window tint violation. Upon approaching the vehicle, the officer smelled a strong odor of marijuana, and Dansby-East admitted to the officer that there was a loaded weapon under the driver's seat of the car. The police also found marijuana in the console.

{¶ 3} Two months later, in February 2018, Dansby-East was indicted in Cuyahoga C.P. No. CR-18-626086 with two counts of drug trafficking with forfeiture specifications; one count of drug possession with forfeiture specifications; two counts of failure to comply with the order or signal of a police officer; and three counts of vandalism. This indictment arose after a confidential reliable informant made a controlled drug buy from Dansby-East in a CVS parking lot. When the police approached his vehicle, Dansby-East tried to elude them by driving away. In the process, he crashed into two police cruisers and the side of the CVS store.

{¶ 4} Dansby-East subsequently entered into a plea agreement with the state. In Cuyahoga C.P. No. CR-17-623203, he pleaded guilty to having weapons while under disability with a forfeiture specification; the remaining counts were nolled. In Cuyahoga C.P. No. CR-18-626086, Dansby-East pleaded guilty to two counts of drug trafficking with forfeiture specifications; one count of drug

possession with forfeiture specifications; and three counts of vandalism. The remaining charges were nolled.

{¶ 5} At sentencing, the trial court sentenced Dansby-East to three years incarceration in Cuyahoga C.P. No. CR-17-623203. In Cuyahoga C.P. No. CR-18-626086, the court sentenced Dansby-East to 12 months incarceration on each of the drug trafficking counts and six months incarceration on the drug possession conviction, to be served concurrently; and to 12 months each on the vandalism convictions, to be served concurrently. The court ordered that the 12-month sentence on the drug-related offenses be served consecutive to the 12-month sentence on the vandalism offenses, for a total of two years incarceration. The trial court also ordered that the two-year sentence in Cuyahoga C.P. No. CR-18-626086 be served consecutive to the three-year sentence in Cuyahoga C.P. No. CR-17-623203, for an aggregate sentence of five years incarceration. This appeal followed.

## II. Law and Analysis

### A. Ineffective Assistance of Counsel

{¶ 6} In his first assignment of error, Dansby-East contends that he was denied his constitutional right to effective assistance of counsel.

{¶ 7} The defendant has the burden of proving that counsel was ineffective. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "To substantiate a claim of ineffective assistance of counsel, a defendant must demonstrate that defense counsel's performance was seriously flawed and deficient, and that the result of the trial would have been different had proper representation been

afforded." *State v. Foster*, 8th Dist. Cuyahoga No. 93391, 2010-Ohio-3186, ¶ 22, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 8} A claim for ineffective assistance of counsel is waived by a guilty plea, however, unless the ineffective assistance caused the guilty plea to be involuntary. *State v. Hudson*, 8th Dist. Cuyahoga No. 96435, 2011-Ohio-6272, ¶ 24. To prove a claim of ineffective assistance of counsel after having pleaded guilty, a defendant must demonstrate there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *State v. Szakacs*, 8th Dist. Cuyahoga No. 92230, 2009-Ohio-5480, ¶ 15.

{¶ 9} Dansby-East contends that counsel should have advised him that the evidence against him in Cuyahoga C.P. No. CR-17-623203 (marijuana and a loaded gun recovered from his car) should have been suppressed. He asserts that if he had been so advised, he would have insisted on a suppression hearing, at which the evidence would have been suppressed, thereby eliminating the evidence necessary for the state's successful prosecution of its case against him at trial. Accordingly, he contends that his counsel was ineffective and, as a result, his guilty plea was not knowingly, voluntarily, and intelligently made.

{¶ 10} Dansby-East's argument is without merit because there is nothing whatsoever in the record demonstrating that the trial court would have granted a motion to suppress.

**{¶ 11}** As a general rule, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *State v. Bowie*, 8th Dist. Cuyahoga No. 88857, 2007-Ohio-4297, ¶ 8, citing *Whren v. United States*, 517 U.S. 806, 116 S.Ct. 1769, 136 L.Ed.2d 89 (1996). This court has repeatedly held that window tint violations provide probable cause for a traffic stop. *See, e.g.*, *State v. Bowie*, 8th Dist. Cuyahoga No. 88857, 2007-Ohio-4297, ¶ 9 (police had probable cause for traffic stop to determine whether car windows were illegally tinted); *State v. Knox*, 8th Dist. Cuyahoga Nos. 98713 and 98805, 2013-Ohio-1662 (same); *Richmond Hts. v. Williams,* 8th Dist. Cuyahoga No. 73500, 1998 Ohio App. LEXIS 5572, *6 (Nov. 15, 1998) (police had probable cause for traffic stop based on reasonable suspicion of excessive window tinting); *Cleveland v. Davis*, 8th Dist. Cuyahoga No. 106780, 2018-Ohio-4706, ¶ 5 (traffic stop for window tint violation was valid); *In re Coleman*, 8th Dist. Cuyahoga No. 65459, 1993 Ohio App. LEXIS 6311, *6 (Dec. 30, 1993) (lawful traffic stop for violation of municipal ordinance prohibiting tinted windows).

**{¶ 12}** At the sentencing hearing in this case, the prosecutor summarized the facts of the case, explaining that "[t]he defendant was pulled over due to a dark tint on his windows that the officers suspected might have been outside the bounds allowed by the law." (Tr. 24.) There is nothing in the record that contradicts this statement. Accordingly, it is apparent the police had probable cause to initiate the traffic stop.

**{¶ 13}** There is also nothing in the record to support Dansby-East's assertion that the reason for the stop was pretextual because the police did not ticket him for the tint violation. In fact, the record does not indicate whether Dansby-East was cited for the tint violation. Furthermore, the Ohio Supreme Court has made it clear that a traffic stop will not be deemed pretextual if the officer had specific and articulable reasons to believe the driver was violating the law. As the Supreme Court stated in *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 665 N.E.2d 1091 (1996):

> Where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motive for stopping the vehicle in question.

**{¶ 14}** The record in this case demonstrates that the police stopped Dansby-East for a window tint violation, which is a valid basis upon which to initiate a traffic stop. Failure to file a motion to suppress is ineffective assistance of counsel only if, based on the record, the motion would have been granted. *State v. Kirk*, 8th Dist. Cuyahoga Nos. 95260 and 95261, 2011-Ohio-1687, ¶ 46. Because the record demonstrates the police had probable cause to initiate the traffic stop, filing a motion to suppress would have been an exercise in futility, and counsel was therefore not ineffective for not filing such a motion.

**{¶ 15}** The first assignment of error is overruled.

**B. Consecutive Sentences**

**{¶ 16}** In his second assignment of error, Dansby-East contends that the trial court erred by imposing consecutive sentences. He asserts that the trial court did

not make the required findings under R.C. 2929.14(C)(4) to impose consecutive sentences, and that, in any event, the record does not support consecutive sentences.

{¶ 17} Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22. Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition, the court must find that any one of the following applies:

(1) The offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

(2) At least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

(3) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 18} In order to impose consecutive terms of imprisonment, a trial court must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at the syllabus.

{¶ 19} Here, in imposing consecutive sentences, the trial court stated:

I think consecutive sentences are necessary to protect the public from future crime and/or to punish Mr. Dansby-East for his conduct in these cases. And the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger imposed or posed to the public.

* * * Both of these [cases] occurred while on probation to me in a prior case that I've just terminated, and that is a basis for consecutive sentences. And a good argument could be made that the multiple offenses are part of more serious and frequent conduct, courses of conduct, and that the two or more multiple offenses were committed and was [sic] so great or unusual that a single-sentence prison term for these offenses as part of the continuing course of conduct does not adequately reflect the seriousness of his conduct if they were run concurrent to each other and that they need to be consecutive because of the seriousness of the conduct.

(Tr. 44-45.)

{¶ 20} As reflected by the record, the trial court made the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. The court specifically found that consecutive sentences were necessary to protect the public and punish Dansby-East, and that consecutive sentences were not disproportionate to the seriousness of his conduct and the danger he poses to the public. In addition, the trial court found that Dansby-East had a criminal history and had committed the offenses while he was on probation. Accordingly, the trial court made the requisite findings.

{¶ 21} Dansby-East contends that the trial court's findings were inadequate, however, because they applied only to the imposition of consecutive sentences on the two cases, and not to the consecutive sentences imposed on the separate counts in Cuyahoga C.P. No. CR-18-626086. However, before addressing the requirements of R.C. 2929.14(C)(4), the trial court specifically stated that "the same analysis applies in addition to the different conduct in different cases in [sic] different counts

within the case." (Tr. 44.) Accordingly, the trial court made clear that its findings applied to both the consecutive sentences imposed in Cuyahoga C.P. No. CR-18-626086 and to the consecutive sentences imposed on both cases.

{¶ 22} Dansby-East also contends that the trial court's imposition of consecutive sentences was deficient because the court did not engage in any "substantial analysis" when making its findings, and merely repeated the statutory language of R.C. 2929.14(C)(4). Dansby-East asserts that this court's decision in *State v. Peak*, 8th Dist. Cuyahoga No. 102850, 2015-Ohio-4702, sets forth a "heightened standard" that requires a trial court to do more than merely make the findings required by R.C. 2929.14(C)(4) in imposing consecutive sentences; it must also set forth facts supporting the findings.

{¶ 23} *Peak* does not stand for this proposition. In *Peak*, this court affirmed the trial court's imposition of consecutive sentences, finding that the trial court made the necessary statutory findings under R.C. 2929.14(C)(4), and that it supported its findings with specific examples of the defendant's conduct. *Peak* did not hold, however, that trial courts must make findings other than those required by R.C. 2929.14(C)(4) to impose consecutive sentencing; it simply considered the statute and concluded that the trial court had made the necessary findings. It did not create any new or "heightened standard" for a trial court to impose consecutive sentences.

{¶ 24} Last, Dansby-East contends that the trial court erred in imposing consecutive sentences because the record does not support them. We disagree. The

record reflects that Dansby-East had a criminal record involving drug offenses, and that probation in those cases had not been effective. In fact, as the trial court found, Dansby-East committed the offenses in Cuyahoga C.P. No. CR-18-626086 while he was in intensive outpatient drug treatment provided by the probation department on another case. Further, as demonstrated by the loaded firearm found in his car, Dansby-East's criminal behavior was escalating from minor drug offenses to weapons offenses. In light of these facts, the trial court's findings that consecutive sentences were (1) necessary to protect the public and punish Dansby-East, (2) not disproportionate to the seriousness of his offenses and the danger he poses to the public, and (3) committed while he was under a sanction are more than supported by the record.

{¶ 25} Because the trial court did not err in imposing consecutive sentences, the second assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

**KATHLEEN ANN KEOUGH, JUDGE**

**PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR**