[Cite as *State v. Miller*, 2025-Ohio-5350.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115090 |
| v. | : | |
| WILLIAM MILLER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 26, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-691743-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey M. Maver, Assistant Prosecuting Attorney, *for appellee.*

Patrick S. Lavelle, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In May 2024, defendant-appellant William Miller ("Miller") was charged with two counts of murder and four counts of felonious assault, all of which included one- and three-year firearm specifications. The indictment also charged Miller with two counts of having weapons while under disability and failure to

comply with an order or signal of a police officer that furthermore specified that he fled immediately after committing a felony.

{¶ 2} In March 2025, Miller pled guilty to an amended murder charge and the three-year firearm specification and failure to comply with an order or signal of a police officer. The remaining counts were nolled. Miller was given consecutive sentences totaling four and one-half years in prison.

{¶ 3} Miller appeals, assigning the following three errors for our review:

I. The appellant's guilty plea was not knowing and voluntary because the trial court, prior to taking the plea, failed to advise appellant that he was subject to "bad time" under R.C. 2943.032.

II. The lower court erred when it sentenced appellant without complying with R.C. 2929.19(B)(3) which required the court to notify appellant that he is subject to the post-conviction control provisions of R.C. 2967.28.

III. The trial court erred by imposing consecutive sentences without making the required find[ings] under R.C. 2929.14(C).

{¶ 4} Miller's first assigned error contests the trial court's notifications during his plea hearing and argues that the trial court's error resulted in him entering his plea unknowingly and involuntarily. He contends that the trial court failed to comply with R.C. 2943.032, which provides that the court must inform defendants that postrelease control violations may result in the parole board imposing a new prison term of "of up to nine months, subject to a maximum cumulative prison term for all violations that does not exceed one-half of the definite prison term that is the stated prison term originally imposed upon the offender[.]"

{¶ 5} When a trial court fails to explain constitutional rights that a defendant waives by pleading guilty or no contest, the plea is presumptively involuntarily and unknowingly made. *State v. Johnson*, 2023-Ohio-4309, ¶ 8 (8th Dist.). These constitutional rights are set forth in Crim.R. 11(C)(2)(c): the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the State to prove guilt beyond a reasonable doubt. None of these are implicated by the failure to notify Miller about postrelease control; thus this issue involves a nonconstitutional right and is not presumptively invalid. When a trial court does not fully cover nonconstitutional aspects of the colloquy, the complaining defendant must show prejudice to invalidate a plea. *State v. Dangler*, 2020-Ohio-2765, ¶ 14, citing *State v. Veney*, 2008-Ohio-5200, ¶ 17.

{¶ 6} Miller was advised as follows:

> If you fail to meet the terms and conditions of any post-release control supervision imposed upon you, then the Adult Parole Authority can modify and/or extend your supervision and make it more restrictive. They can incarcerate you for up to half of the original sentence imposed by this Court. They can charge you with a new offense called escape, another felony where you could face additional prison time. And if you commit a new crime while on post-release control, you can face the maximum penalty under the law for the new crime committed.

(Tr. 23.)

{¶ 7} We do not find that Miller has demonstrated prejudice that justifies vacating his plea for noncompliance with Crim.R. 11. We find that Miller was

properly advised pursuant to R.C. 2943.032. We overrule Miller's first assigned error.

{¶ 8} Miller's second assignment of error similarly contests the trial court's alleged failure to advise him of the postrelease control provisions pursuant to R.C. 2929.19(B)(2) that mandates the *sentencing* court — as opposed to R.C. 2943.032, which mandates the disclosure prior to accepting a guilty plea — to notify the offender about certain specifications relating to postrelease control. [1]

{¶ 9} The exact quoted verbiage that Miller claims was omitted has not appeared in R.C. 2929.19 since 2009. Since that time, the statute has been amended numerous times. All of the caselaw that Miller relies on in support of this assigned error are pre-2009 cases that do not account for the language that was added in 2010 and as amended since. Nonetheless, the omitted language that Miller contests suggests that the court failed to notify Miller that a period of postrelease control pursuant to R.C. 2967.28 of the Revised Code may be imposed and also failed to advise of various notifications related to postrelease control violations within the current version of R.C. 2967.28.

{¶ 10} We need not address this assignment of error further than finding that the transcript actually reflects that Miller was properly advised.

> Upon your release from prison, the State of Ohio Adult Parole Authority and not this [c]ourt shall have a mandatory two years of what

---

[1]The designation of this assigned error in the table of contents indicates that the error was in R.C. 2929.19(B)(3) rather than (B)(2), as indicated here. Accordingly, we examine this assignment of error based on the quoted text that Miller claims was omitted in error by the trial court.

is called post-release control. If you fail to meet the terms and conditions of any post-release control supervision imposed upon you, then the Adult Parole Authority can modify and/or extend your supervision and make it more restrictive. They can incarcerate you for up to half of the original sentence imposed by this court. They could charge you with a new offense called escape, another felony where you could face additional prison time. And if you commit a new crime while you are on post-release control, you could face the maximum penalty under the law for the new crime committed.

(Tr. 67-68.)

{¶ 11} The sentencing court complied with the notification obligations pursuant to R.C. 2929.19 and 2967.28. We cannot find otherwise, and Miller has not pointed us to a specific portion of the transcript indicating that the court's advisement was incorrect or misleading. We accordingly overrule his second assignment of error.

{¶ 12} In his final assignment of error, Miller argues that the trial court erred in imposing consecutive sentences because it did not make findings necessary to impose a consecutive sentence under R.C. 2929.14(C)(4)(a) through (c).

{¶ 13} As Miller concedes, his consecutive terms were mandatory pursuant to R.C. 2921.331(D), providing that "the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender." This court has previously held in *State v. Stewart*, 2025-Ohio-2676, ¶ 18 (8th Dist.), that where the trial court is required by law to impose consecutive sentences, it need not make R.C. 2929.14(C)(4) findings before ordering that the sentences be served consecutively. Because Miller's consecutive sentence was

statutorily required, the trial court did not err in imposing Miller's consecutive sentences.

{¶ 14} Since Miller's consecutive sentences were statutorily required, the trial court was not required to make findings pursuant to R.C. 2929.14(C)(4). Miller's final assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR